### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PATRIC M. RIVERA MARRERO<br><br>  Plaintiff<br><br>  vs.<br><br>PRESBYTERIAN COMMUNITY HOSPITAL, INC. or alternatively, JOHN SMITH CORPORATION d/b/a ASHFORD PRESBYTERIAN COMMUNITY HOSPITAL; OPTIMUM OB/GYN, LLC or alternatively, JOHN DOE CORPORATION d/b/a OPTIMUM OB/GYN, LLC; CAPITAL OB-GYN GROUP, PSC, or alternatively JOHN ROE CORPORATION d/b/a CAPITAL OB-GYN GROUP, PSC; DRA. REBECCA VELAZQUEZ ALVAREZ and her husband JOHN DOE, personally and on behalf of their conjugal partnership, JOHN DOES 1, 2 and 3; CORPORATIONS A, B and C; UNKNOWN INSURANCE COMPANIES A through D<br><br>  Defendants | CIVIL NO.: 14-<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

### COMPLAINT

**TO THE HONORABLE COURT:**

COMES NOW plaintiff Patric M. Rivera Marrero, through her undersigned counsel, and very respectfully states and prays as follows:

### Jurisdiction, Venue and Parties

1. The events or omissions giving rise to the claims set forth in this action all occurred within the District of Puerto Rico and the Commonwealth of Puerto Rico.

2. Federal jurisdiction in this case is attained under diversity pursuant to section 1332 of Title 28, United States Code. Venue is appropriate in this judicial district pursuant to section 1391(b) of Title 28, United States Code.

3. The matter in controversy exceeds, exclusive of interest and costs, the

sum of $75,000.

4. Patric M. Rivera Marrero ("Mrs. Rivera") is a citizen and resident of Punta Gorda, Florida.

5. Defendant Presbyterian Community Hospital, Inc., or alternatively, John Smith Corporation d/b/a Presbyterian Community Hospital, (hereinafter "PCH") is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico which has its principal place of business in Puerto Rico. PCH is the owner and/or operator of a hospital of the same name, located in San Juan, Puerto Rico.

6. Defendant Optimum Ob/Gyn, LLC, or alternatively, John Doe Corporation d/b/a Optimum Ob/Gyn (hereinafter "OOG") is a limited liability company organized under the laws of the Commonwealth which has its principal place of business in Puerto Rico. OOG is the owner and/or operator of a medical facility of the same name located at The Hato Rey Center, Suite 1000, 268 Ponce de Leon Avenue in San Juan, Puerto Rico.

7. Defendant Capital Ob-Gyn Group, PSC or alternatively, John Roe Corporation d/b/a Capital Ob-Gyn (hereinafter "COGG") is a corporation organized under the laws of the Commonwealth which has its principal place of business in Puerto Rico. COGG is the owner and/or operator of a medical facility of the same name located at Condominium Capital Center, Floor 2, Suite 205, Arterial Hostos Avenue in Hato Rey, Puerto Rico.

8. Defendant Doctor Rebecca Velazquez Alvarez ("Dr. Velazquez") is a medical doctor, specializing in obstetrics and gynecology, married to codefendant John Doe and together with him constituting a conjugal partnership, who intervened in the

prenatal care of Mrs. Rivera. Dr. Velázquez and her husband are domiciled in Puerto Rico where they reside. At all times relevant to this claim Dr. Velázquez was an owner, partner or employee of OOG and/or COGG, who are vicariously liable for her negligent acts or omissions.

9. All of the other defendants are citizens and residents of the Commonwealth of Puerto Rico or states and territories other than the state of Florida, John Does 1, 2 and 3 and Corporations A, B and C are persons and/or corporations, whose identities are presently unknown, which by their negligent acts or omissions caused or contributed to the damages claimed herein.

10. Unknown Insurance Companies A through D, insurers whose identities are presently unknown, insured the aforementioned defendants and are jointly responsible with their respective insureds for the damages claimed herein pursuant to section 2003 of Title 26 of the Annotated Laws of Puerto Rico.

**Factual Allegations**

11. On September, 2013 Mrs. Rivera began receiving prenatal care for her pregnancy with Dr. Rebecca Velazquez Alvarez at Optimum Ob/Gyn and/or Capital Ob-Gyn.

12. Mrs. Rivera continued to receive prenatal care at Optimum Ob/Gyn and/or Capital Ob-Gyn throughout her pregnancy, where she was seen and treated by codefendant Dr. Velazquez.

13. According to the PCH record, Mrs. Rivera was admitted to said hospital on February 3, 2014 at 38 2/7 weeks pregnancy to the service of Dr. Rebecca Velazquez Alvarez, together with the hospital's nurses and staff, for a scheduled repeat

cesarean section and bilateral partial salpingectomy.

14. Mrs. Rivera with two previous cesarean sections and a desire for no further childbearing, had a normal prenatal course relevant to this admission.

15. A term adequate for gestational age baby girl weighing 6 pounds and 11 ounces was delivered by cesarean section. Mrs. Rivera could not have her sterilization procedure performed due to extensive pelvic adhesions, secondary to her two previous cesarean sections.

16. The patient was improvidently discharged from the hospital on February 6, 2014, despite showing blood in the urine as observed in the foley.

17. Mrs. Rivera returned to the Ashford Hospital emergency room on February 8, 2014 with complaints of abdominal, chest and marked pelvic pain as well as urinary retention.

18. Mrs. Rivera was admitted again to the hospital on said date. A pelvic CT Scan for CT Cystography was done and showed a 2.0 x 1.6 cm bladder laceration in the anterior abdominal wall, communicating with both cavities. The impression was an anterior superior bladder laceration with extension of contrast into loculated collections in the anterior abdominal wall and in the left lower quadrant of the pelvis.

19. A progress note of urologist Dr. Eduardo I. Canto, on February 10, 2014, describes Mrs. Rivera's dysuria, hematuria and bladder wall injury. He notes that the CT Scan showed an anterior bladder wall opening connecting to the rectus muscle and he describes options for managing this bladder leak.

20. On February 10, 2014, Dr. Canto, assisted by Dr. Velazquez, performed on Mrs. Rivera a bladder repair surgery. According to the operative report, the surgery

consisted of a bladder closure in two layers for a 3 cm dome rupture.

21. The patient was covered by several antibiotics following the exploratory laparotomy and cystorrhaphy.

22. Mrs. Rivera was discharged on February 12, 2014.

23. Defendants departed from the standard of care, in not properly looking for, diagnosing and managing an iatrogenic bladder injury during a repeat cesarean section, with extensive pelvic adhesions noted, which led to preventable severe consequences as described, including a repair surgery. This bladder injury should have been discovered and repaired prior to abdominal closure, with no need of further surgery.

24. The standard of care requires that an appropriate evaluation be made to asses and repair damage to any organs involved in or near the operative field prior to closing the abdomen.

25. The medical literature establishes that the bladder is an organ that can be damaged in this circumstance. However intraoperative recognition of the injury usually permits prompt and successful repair. Delayed recognition of the injury, in the postoperative period, as occurred in this case, is a departure from the standard of care and is associated with serious complications.

26. Careful analysis of the facts and events of this case reveals that PCH, OOG's and COGG's personnel, including Dr. Velázquez, were practicing below the standard of care in the treatment provided to Mrs. Patric M. Rivera Marrero. Defendants' departures from the medical standards and/or professional negligence include, but are not limited to: failure to recognize, appropriately asses and repair damage to any organs involved in or near the operative field prior to closing the

abdomen; failure to recognize that Mrs. Rivera's bladder was damaged in this circumstance and to perform an appropriate repair procedure to assure bladder integrity before abdominal closure.

27. Patric M. Rivera Marrero has suffered severe physical and emotional damages as a consequence of defendants' negligence. She experiences leaks of urine, has lost the sensation to urinate and suffers from severe pain. The life changing incidents described above have taken a heavy toll on this young woman.

28. The damages to her bladder and the consequential physical and emotional damages suffered by Mrs. Rivera were caused by the negligent management of Mrs. Rivera's cesarean section procedure. Defendants' departures from the medical standards of care and failure to act in a prudent, reasonable or responsible manner in the medical care provided to Mrs. Rivera, in fact caused the traumatic outcome outlined above.

29. Plaintiffs Patric M. Rivera Marrero has suffered and will continue to suffer grave physical and emotional damages, and mental anguish due to the mismanagement of her surgical procedure. Said damages are valued at a sum in excess of $2,000,000.

## COUNT I

### (Medical Malpractice, Vicarious Liability – 31 L.P.R.A. §5141; 5142)

30. Paragraphs 1 through 29 of this Complaint are incorporated by reference as if fully set forth herein.

31. PCH, OOG, COOG, Dr. Velázquez and the John Doe Defendants had a duty to provide medical care to Mrs. Rivera that complied with the applicable standards

of the medical profession. Notwithstanding, PCH, OOG, COOG, Dr. Velázquez and the John Doe Defendants breached that duty as set forth above.

32. PCH, OOG and COOG are further vicariously liable for the negligent acts and/or omissions incurred by the other defendants herein that they employed, contracted with and/or granted privileges to, and by their medical staff that intervened with Mrs. Rivera, for their negligence in the selection, monitoring, supervision and granting of privileges to said doctors, including Dr. Velázquez.

33. There is a clear and direct causal link between PCH, OOG, COOG, Dr. Velázquez and the John Doe Defendants' medical malpractice and the damages sustained by plaintiffs, as set forth above.

## COUNT II

### (Direct Action Against Insurers – 26 L.P.R.A. § 2003)

34. Paragraphs 1 through 33 of this Complaint are incorporated by reference as if fully set forth herein.

35. Defendants Insurance Companies A through D have a contractual obligation to compensate those who are damaged by the medical errors and omissions of PCH, OOG, COOG, Dr. Velázquez and/or the John Doe Defendants. As set forth in Count I, above, those defendants committed medical malpractice with respect to Mrs. Rivera. Moreover, there is a clear and direct causal link between said misconduct and the damage sustained by plaintiff, as set forth above.

36. Under 26 L.P.R.A. § 2003, plaintiff has a right to reclaim directly against the corresponding insurers of PCH, OOG, COOG, Dr. Velázquez and the John Doe Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request that the court enter final judgment against defendants:

1. Declaring defendants to be in violation of 31 L.P.R.A. § 5141, 5142 and 26 L.P.R.A. §2003, as alleged hereinabove.

2. Finding defendants jointly and severally liable to plaintiff for the damages sustained by her, plus applicable interest and costs.

3. Awarding plaintiff such other and further relief at law or in equity as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable of right by a jury in the complaint set forth above.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 29th day of December, 2014.

**LAW OFFICES DAVID EFRON, PC**
*Attorneys for Plaintiffs*
PO Box 29314
San Juan, PR 00929-0314
Tel. 787-753-6455
Fax 787-758-5515
efron@davidefronlaw.com

By: _____
DAVID EFRON
USDC-PR 125701