# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**Patric M. Rivera-Marrero**,

Plaintiff,

v.

**Presbyterian Community Hospital, et al.**,

Defendants.

Civil No. 14-1922 (DRD)

## OPINION AND ORDER

Pending before the Court is a *Motion in Limine* filed by Defendants Dr. Rebecca Velázquez-Álvarez and Optimum Ob-Gyn, LLC (Docket No. 96), which was opposed by Plaintiff (Docket No. 101) and replied by Defendants (Docket No. 104).

In synthesis, Defendants seek to limit Plaintiff's expert witness, Dr. Howard Cohn from expanding or making additional allegations or conclusions in his testimony other than those contained on his expert report, the Complaint or Pre-Trial Order. *See* Docket No. 96 p. 13. These are: (1) two new deviations from standards of care regarding the operative technique used by Dr. Velázquez during the cesarean section performed on Plaintiff and; (2) lack of informed consent from Plaintiff. *See* Docket No. 96 p. 4 ¶ 4.

For the reasons stated herein, the Court **GRANTS in part, DENIES in part** Defendants' *Motion in limine* (Docket No. 96).

## I.     APPLICABLE LAW

*A. Relevance in General*

The Court begins by analyzing several basic principles that expound upon general relevance under Fed. R. Evid. 401. First, evidence is "relevant" if it has a tendency "to make a fact more or less probable than it would be without the evidence." Joseph W. Cotchett, Federal Courtroom Evidence § 401.2 (Mathew Bender, 5th Ed.) (citing Fed. R. Evid. 401). Proffered evidence is not relevant if it does not prove or disprove a matter at issue or does not "assist the trier of fact in determining [any] facts necessary to its decision[.]" Id. Hence, evidence is relevant "if it makes it more probable that a consequential fact is true." Id. at § 401.3 (citing United States v. Mardirosian, 602 F.3d 1, 11 (1st Cir. 2010), *cert. denied,* 131 S.Ct. 287 (2010)). Proffered evidence is also "relevant if it makes it more probable that a consequential fact is not true." Id. ("Evidence that roofer received no complaints of injuries caused by fumes after using roof adhesive was relevant to causation of plaintiff's injuries because it made it less probable that plaintiff's claim that fumes caused allergic reactions was true.") (citing Varono v. Jabar, 197 F.3d 1, 4-5 (1st Cir. 1999)). The admission of relevant evidence is to be analyzed under a "liberal standard of admissibility." Id. at § 401.4 (citing Ferrara & DiMercurio v. St. Paul Mercury Ins. Co., 240 F.3d 1, 6 (1st Cir. 2001)). Any perceived weakness of the proffered evidence usually "go[es] to its weight, not to its relevance or admissibility." Id. Moving on, Federal Rule of Evidence 402 states that the general rule of admissibility of relevant evidence under Federal Rule 401 persists unless otherwise provided by: the constitution of the United States, a federal statute, the Federal Rules of Evidence, or other rules

prescribed by the Supreme Court. Id. at § 402.2 (citing Fed. R. Evid. 402). Having described the general policy whereby relevant evidence is to be deemed admissible, the Court now provides the general standards of the most common exception.

Federal Rule of Evidence 403 authorizes the trial court to exclude evidence—that is otherwise admissible under Rule 401—when the probative value of the proffered evidence "is **substantially** outweighed by the danger of one or more of the following: **unfair prejudice, confusing the issues, misleading the jury**, **undue delay, wasting time,** or needlessly presenting cumulative evidence." (emphasis provided). Prior to coming to an ultimate determination under Rule 403, the Court must perform "a balancing analysis" whereby the probative value of a piece of evidence is weighed against its potential of: producing unfair prejudice, confusing the issues, misleading the jury, creating undue delay, and/or being unnecessarily repetitive. *See* Federal Courtroom Evidence at 403.2.1. Performing the balancing act is only the beginning; the Court then must carefully review the potential results. Under Rule 403, the Court is authorized to exclude relevant evidence only when its probative value is *substantially* outweighed by one or more 403 factor. (emphasis by the treatise, Cotchet Federal Courtroom Evidence (Id.)).

The exclusion of evidence is not the general rule; to the contrary, the "trial court's discretion to exclude relevant evidence under Rule 403 should be exercised with recognition that exclusion is **extraordinary and to be invoked sparingly.**" Id. at § 403.2.1 (emphasis in original); Harrington v. Hiller, 883 F.2d 411, 414 (5th Cir. 1989) ("probative evidence should be 'sparingly' excluded"); United States v. Grant, 256 F.3d 1146, 1155

(11th Cir. 2001) ("Rule 403 is extraordinary remedy whose 'major function . . . is limited to excluding matter of scant or cumulative probative force . . . .'"); United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003) ("trial court's discretion to exclude relevant evidence under Rule 403 should be exercised with recognition that exclusion is extraordinary and to be invoked sparingly, with trial court striking the balance in favor of admission in most cases").[1]

"Because Rule 403 requires 'on-the-spot balancing' of probative value and prejudice, potentially excluding as unfairly prejudicial evidence that, nevertheless, is factually relevant," most, if not all, circuits review a trial court's determination using a "deferential standard." Id. at § 403.2.1 (citing Sprint/United Management Co. v. Mendelsohn, 128 S.Ct. 1140, 1145 (2008) ("trial court 'virtually always' is in a better position to assess admissibility of evidence")). The Court is reviewed under an abuse of discretion standard. Id. (citing Gomez v. Rivera Rodriguez, 344 F.3d 103, 115 (1st Cir. 2003)).

The Court must provide any party that would be prejudiced by a determination to exclude evidence the right to express its position. Id. at § 403.2.1 (citing United States v. Brooks, 145 F.3d 446, 454-55 (1st Cir. 1998)). In the instant case, the prejudiced party is the one that attempts to proffer the evidence; however, both parties have provided their positions. A brief exposition of these legal arguments is included in the following section when necessary.

---

[1] All cited parenthesis in this opinion and order are direct quotes from the treatise or from the Court adapted by the treatise: Federal Courtroom Evidence, *supra*.

## II. PROPOSED EXCLUSIONS

### A. *Opinion Testimony Regarding two Deviations of Standard of Care Regarding the Operative Technique used by Dr. Velázquez during the Cesarean Section*

Dr. Velázquez and Optimum Ob-Gyn seek to exclude any testimony that suggests two new deviations from standards of care regarding the operative technique used by Dr. Velázquez during the cesarean section performed on Plaintiff. According to Defendants, prior to Dr. Cohn's deposition no mention of deviations regarding the technique used by Dr. Velázquez during the cesarean section performed on Plaintiff were made by Plaintiff either on the Complaint, Pre Trial Order or Expert Witness Report.

However, it is Plaintiff's contention that Dr. Cohn's testimony regarding the technique used by Dr. Velázquez during Plaintiff's C-Section was not a new liability theory, but Dr. Cohn speculating on what, in his opinion, could have cause the bladder injury.

The Court reviewed Dr. Cohn's deposition transcript and expert witness report produced by Defendants. During his deposition, Dr. Cohn clarified that he was not submitting a new opinion but expanding and clarifying the following general statement contained in his expert report: "[t]his bladder injury should have been discovered and repaired prior to abdominal closure, with no need for further surgery."[2] *See* Docket No. 96-1 P. 3 ¶ 3.

---

[2] Dr. Cohn's Deposition Transcript Docket No. 96-2 p. 62 l. 1-16
A. Yes ma'am. There are two more deviations.
Q. Okay. Please state.
A. Okay. Number one was improper operative technique.
Q. Where do you state that in your report?

Furthermore, the Court reviewed the Complaint to ascertain as to whether the allegations included are enough to cover the deviations of standard of care suggested by Dr. Cohn. For the purpose of this exercise the Court deems necessary to include the allegations regarding deviations of standard of care suggested by Plaintiff in the Complaint.

> "23. Defendants departed from the standard of care, in not properly looking for, diagnosing and managing an iatrogenic bladder injury during a repeat cesarean section with extensive pelvic adhesions noted, which led to preventable severe consequences as described, including a repair injury. This bladder injury should have been discovered and repaired prior to abdominal closure, with no need of further surgery.
>
> 24. The standard of care requires that an appropriate evaluation be made to asses and repair damage to any organs involved in or near the operative field prior to closing the abdomen.
>
> 25. The medical literature establishes that the bladder is an organ that can be damaged in this circumstance. However, intraoperative recognition of the injury usually permits prompt and successful repair. Delayed recognition of the injury, in the postoperative period, as occurred in this case, is a departure from the standard of care and is associated with serious complications.
>
> 26. Careful analysis of the facts and events of this case reveals that PCH, OOG's and COGG's personnel, including Dr. Velázquez, were practicing below the standard of care in the treatment provided to Mrs. Patric M. Rivera Marrero. Defendants' departures from the medical standards and/or professional negligence include, but are not limited to: failure to recognize, appropriately asses and repair damage to any organs involved in or near the operative field prior to closing the abdomen; failure to recognize that Mrs. Rivera's bladder was damaged in this circumstance and

---

A. It's an expansion and clarification of the bladder injury should have been discovered and repaired, et cetera, et cetera.
Q. Okay. Well, that goes to the assessment. But I'm saying about where do you mention technique in your report?
A. I consider assessment and technique to be closely –
Q. The same?
A. -- closely -- no -- closely intertwined and available for expansion and clarification.

to perform an appropriate repair procedure to assure bladder integrity before abdominal closure.

27. Patric M. Rivera Marrero has suffered severe physical and emotional damages as a consequence of defendants' negligence. She experiences leaks of urine, has lost sensation to urinate and suffers from severe pain. The life changing incidents described above have taken a heavy toll on this young woman.

28. The damages to her bladder and the consequential physical and emotional damages suffered by Mrs. Rivera were caused by the negligent management of Mrs. Rivera's cesarean section procedure. Defendants' departures from the medical standards of care and failure to act in a prudent, reasonable or responsible manner in the medical care provided to Mrs. Rivera, in fact caused the traumatic outcome outlined above." *See* Docket No. 1. pp. 4-5 ¶¶ 23-28.

It is a well-known fact that the rule of law applicable to pleadings is that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "The new rules, however, restrict the pleadings to the task of general notice-giving and invest the deposition-discovery process with a vital role in the preparation for trial", *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S. Ct. 385, 388, 91 L. Ed. 451 (1947); *see also Politico v. Promus Hotels, Inc.*, 184 F.R.D. 232, 233 (E.D.N.Y. 1999) ("The complaint should state only enough facts, in simple, concise, and direct terms to show what plaintiff's claims are and to allow defendant to respond."); and 5 Fed. Prac. & Proc. Civ. § 1281 (3rd ed.). The fact that Plaintiff's allegations in the Complaint comply with the standard of being simple, concise, and direct, does not preclude Plaintiff from expanding from such allegations in order to substantiate them.

Moreover, any opinions provided by Dr. Cohn can be refuted with admissible and relevant evidence, subject to any limitations provided by the Federal Rules of Evidence.

The Court will not prevent Defendants from exercising their rights under the rules to attack the weight of expert testimony and, in turn, allow Plaintiffs' expert to have the sole word on an ultimate fact at issue.

Accordingly, Defendants' motion is **DENIED** as to the two deviations of standards of care regarding the operative technique used by Dr. Velázquez during the Cesarean Section since it pertains to an issue of evidentiary weight and not admissibility.

### B. *Opinion Testimony from Dr. Cohn Regarding lack of informed consent from Plaintiff*

The remaining request for motion in limine lies on the fact that Dr. Cohn suggests that there was a lack of informed consent from Plaintiff during his deposition which was not mentioned in his expert report nor on the Complaint or Pre Trial Order. Dr. Cohn explained during his deposition that a final expansion and clarification from his expert report was that Dr. Velázquez failed to give proper informed consent to Plaintiff before her cesarean section. *See* Docket No. 96-2 pp. 72-73.[3] Dr. Cohn further confirmed that

---

[3] My final expansion and clarification is that Dr. Velázquez failed to give proper informed consent. The standard of care calls for Dr. Velazquez to tell the patient that they should reasonably anticipate the presence of adhesion. And the presence of adhesions makes the operative technique more difficult and imperils certain organs, including the urinary tract, okay, and so document.
The patient then has the opportunity to ask Dr. Velazquez, well, Doctor, I'm very concerned about my bladder or my urine or my urinary tract being injured, what do you plan to do to diagnose it, and what do you plan to do if you should find such a situation? Thereby not only reinforcing that Dr. Velazquez knew about this complication when she gave informed consent, but reinforcing the necessity to follow the patient's question as to how should it be found and what should be done about it.
Q. Okay. Again, Doctor, where in your report do you even mention lack of informed consent?
A. It's part of the -- it's part of the expansion and clarification of the bladder injury.

there was no mention of lack of informed consent; rather it was indirectly implicated in his report. Id. at 74-75.[4]

The Court performed a careful analysis of Dr. Cohn's expert report. Although the deposition of Dr. Cohn was taken on August 21, 2015, almost a year before Discovery cut-off date, July 18, 2016, Plaintiff never produced a supplement to Dr. Cohn's expert witness report. The disclosing party had a duty to supplement the written report by November 14, 2016, which was effectively "at least 30 days before trial." Fed. R. Civ. P. 26(a)(2)(E), 26(e)(2), 26(a)(3), and 6(a)(1). Consequently, the Proposed Pre-Trial Order was filed on October 27, 2016 with no amendments in Plaintiff's theory. *See* Docket No. 83.

Because of the problems posed by last-minute changes in an expert's opinions, Rule 26 emphasizes full disclosure and subsequent supplementation of expert testimony if any changes to the expert's opinion arise. Specifically:

> "[f]or an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2);

---

[4] Q. No. I don't want expansions, Doctor. I want you to signal -- to identify in your report because I may have missed it. Where does it say "informed consent"? Which paragraph, which line, please?
A. A, I'm not required to specifically use those words, "informed consent" --
Q. Doctor where does it say --
A. I'm going to continue to answer the proper way.
Q. No, no. I want you to tell me yes or no.
A. Can I --
Q. Did you write "informed consent" in this report?
A. Indirectly, by implication, I did.

*see also Tenbarge v. Ames Taping Tool Systems, Inc.*, 190 F.3d 862 (8th Cir. 1999)(A new trial was warranted because the trial testimony of defendant's expert contrasted sharply with his deposition testimony, and defendant did not supplement. Defendant clearly had a duty under Rule 26(e) to inform plaintiff of any changes or additions to the expert's testimony.). "This supplementation requirement increases the quality and fairness of the trial by narrowing [the] issues and eliminat[ing] surprise." *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 10 (1st Cir. 2001)(quoting *Licciardi v. TIG Ins. Group,* 140 F.3d 357, 363 (1st Cir.1998)).

As such, any "[c]hanges in the opinions expressed by the expert whether in the report or at a subsequent deposition are subject to a duty of supplemental disclosure under subdivision (e)(1)." Fed. R. Civ. P. 26(a) advisory committee's notes. When the duty to supplement is violated, the Court has discretion to exclude the evidence. *See Peña Crespo v. Puerto Rico*, 408 F.3d 10, 13 (1st Cir. 2005)(when an expert report fails to satisfy the specifics of the rule or when an expert opinion introduced at trial has not been included in the expert's pre-trial report, the Court may exclude the evidence.).

Furthermore, expert-related disclosures are insufficient when they consist of "sketchy and vague descriptions of anticipated opinions or areas of anticipated testimony." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546 (5th Cir. 1996); *see also Romero v. Drummond Co., Inc.*, 552 F.3d 1303 (11th Cir. 2008) (District Court acted properly in excluding experts whose reports consisted of single paragraphs explaining the expert's opinion and the basis for it. None of the reports stated the expert's opinions with sufficient specificity to allow defendants to prepare for rebuttal or cross-

examination). "After all . . . Rule 26(a)(2)(B) [calls] for the parties to make explicit and detailed expert disclosures." *Santiago-Diaz v. Laboratorio Clinico Y De Referencia Del Este And Sara Lopez, M.D.*, 456 F.3d 272, 276 (1st Cir. 2006); *see also Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 35 (1st Cir. 2001) ("The purpose of a 'detailed and complete' expert report as contemplated by Rule 26(a) . . . is, in part, to minimize the expense of deposing experts, and to shorten direct examination and prevent an ambush at trial. . . . Failure to include information concerning the retained expert that is specifically required by Rule 26(a)(2)(B) . . . frustrates the purpose of candid and cost-efficient expert discovery." (Internal citations omitted)).

Any fair reading of Dr. Cohn's three-page expert report would lead the reader to conclude that no opinion regarding lack of informed consent would be given. *See* Docket No. 34-2 (expert report) and Docket No. 34-7 (identifying the expert report as final). Plaintiff failed to supplement Dr. Cohn's expert report after the expert was deposed knowing full well that Cohn's deposition testimony had greatly expanded, and sometimes varied, from his written report. Further, the deadlines to remedy these obvious deficiencies have passed.

In light of all of the preceding circumstances, all that remains is for the Court to look towards Rule 37(c)(1) to gauge whether some form of sanction is merited:

> ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

-11-

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
(B) may inform the jury of the party's failure; and
(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

As the foregoing rule makes reference to the sanctions contained in Rule 37(b)(2)(A)(i)-(vi), these sanctions are also enclosed and set forth below:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) <u>prohibiting the disobedient party</u> from supporting or opposing designated claims or defenses, or <u>from introducing designated matters in evidence</u>;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; . . .
(Emphasis provided).

Clearly, the options at the Court's disposal are legion.

Next, the Court looks toward First Circuit precedent for guidance in selecting an adequate remedy. When reviewing a district court's "choice of sanction for late submissions," the First Circuit has stated the following:

In conducting this tamisage, we consider the totality of the circumstances, including the overall history of the litigation, the importance of the precluded evidence, the justification (or lack of justification) for the delay, the nature and extent of prejudice to the other side, and the impact of the failure to comply with the discovery deadline on the district court's docket. *See Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 78 (1st Cir. 2009).

*Genereux v. Raytheon Co.*, 754 F.3d 51, 60 (1st Cir. 2014).

Considering the above stated elements, the Court simply cannot oversee the fact that Dr. Cohn did not supplement his expert report with the lack of informed consent

findings he made during his deposition. The Court also notes that there is no allegation contained in the Complaint that suggests a lack of informed consent from Dr. Velázquez to Plaintiff. Further, lack of informed consent is not part Plaintiff's theory of liability on the Pre-Trial Order.

Therefore, Dr. Cohn cannot testify in any way about lack of informed consent. Accordingly, the motion as to precluding testimony regarding lack of informed consent is **GRANTED.**

### III. CONCLUSION

For the reasons elucidated above, the Court hereby **DENIES** Defendants', *Motion in Limine* as to testimony from Plaintiff's expert witness, Dr. Howard Cohn, regarding two deviations of standard of care regarding the operative technique used by Dr. Velázquez during the Cesarean Section and; **GRANTS** Defendants' motion as to opinion testimony regarding lack of informed consent from Plaintiff.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, on this 12th day of June, 2017.

*S/DANIEL R. DOMÍNGUEZ*
DANIEL R. DOMÍNGUEZ
UNITED STATES DISTRICT JUDGE